**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000481
20-OCT-2025
07:51 AM
Dkt. 57 SO**

NO. CAAP-23-0000481

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LISA LUJAN nka LISA LUJAN SHAW, Plaintiff-Appellant,
and
MATTHEW L. CONMY; STEPHANIE JO CONMY;
RONALD L. CHALKER; WAYNELL J. CHALKER; NORBERTO B. ANG;
ROSE E.G. ANG; RAYMOND ANGEL; GAYLA O. GILBERT fka
DONNA ALLEN; DONNA LYNCH; MARY RITER, Individually
and on behalf of the Estate of GREGORY RITER; BRYAN M.
TAGALAN and RELLY C. TAGALAN, Individually and as Trustees
of the Bryan M. and Relly C. Tagalan Living Trust
dated April 18, 2005; BARBARA S. YAMAMOTO; and
DAVID KAM LEE YOUNG, Plaintiffs-Appellees,
v.
WAYNE G. SCHNEIDER; HEIDI S. SUMMERS; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.; USAA
FEDERAL SAVINGS BANK; PAUL R. STONELAKE; JEMARIE L.
IGNACIO; RALDY D. DUQUE; ROLLY CHITO B. LARROBIS;
SANDRA D. LARROBIS; SHIRLEY D. DUQUE; CALIBER HOME
LOANS, INC.; BRIAN KEITH SMITH; KELLY MARIE HEIMAN-SMITH;
SAIMONI PUTENI; TUPOU FALEAKA PUTENI; NICOLAS QUEZADA;
ELSA QUEZADA; CHRISTOPHER JAMES MYERS; WENDELIN JAYNE MYERS;
FEDERAL NATIONAL MORTGAGE ASSOCIATION; NATHAN R. KIJOWSKI;
DAWN M. KIJOWSKI; FREDERICK M. RYMSHA and JANET LEE RYMSHA,
Individually and as Trustees of The Frederick M. Rymsha
and Janet Lee Rymsha Trust dated August 2, 2010;
DREW E. MEADOR; KARLEE ANN MEADOR; JPMORGAN CHASE BANK, N.A.;
JAY TAKEO FUJIMOTO; CANDACE KAYO TAKAI; BANK OF HAWAII;
BANK OF AMERICA, N.A., Defendants-Appellees,
and
DOE DEFENDANTS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-20-0000307)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Hiraoka and Guidry, JJ.)

Lisa **Lujan**, now known as Lisa Lujan Shaw, appeals from the ***Final Judgment*** for Christopher James Myers and Wendelin Jayne Myers (**Titleholders**) entered by the Circuit Court of the Second Circuit on July 17, 2023.[1]  We affirm.

The material facts are uncontroverted.  Lujan owned real **Property** in Kīhei on the island of Maui, subject to a mortgage.  Lujan defaulted.  Her mortgagee nonjudicially foreclosed.

The *Mortgagee's* ***Affidavit of Foreclosure*** *Under Power of Sale* was recorded in the Bureau of Conveyances on August 27, 2010.  It was signed by the mortgagee's counsel and attested that the foreclosure took place "in compliance with and pursuant to" Hawaii Revised Statutes (**HRS**) §§ 667-5 through 667-10.  It also stated that notices of the sale were published in the Honolulu Advertiser and the sale was postponed by public announcement.

Title to the Property was conveyed to Federal National Mortgage Association (**FNMA**) by *Mortgagee's* ***Quitclaim Deed*** *Pursuant to Power of Sale* recorded on October 8, 2010.  FNMA conveyed title to Titleholders by ***Limited Warranty Deed*** recorded on July 22, 2011.

Lujan sued Titleholders on December 11, 2020.[2]  She sought to quiet title to, and eject Titleholders from, the Property as a remedy for her mortgagee's allegedly invalid nonjudicial foreclosure.

Titleholders moved for summary judgment.  The Circuit Court granted the motion and certified its order under Hawaiʻi Rules of Civil Procedure Rule 54(b).  Lujan appeals from the Final Judgment.

---

[1]     The Honorable Peter T. Cahill presided.

[2]     Lujan was a plaintiff in an amended complaint filed by several mortgagors against Bank of America, its predecessors in interest, and persons who purchased real property at or after allegedly invalid nonjudicial foreclosures.

> Summary judgments are reviewed de novo and are only appropriate where no genuine issue of material fact is established by admissible evidence, when the evidence and inferences drawn therefrom are viewed in the light most favoring the party opposing summary judgment. We may affirm summary judgments on any grounds in the record, including those upon which the circuit court did not rely.

McCullough v. Bank of Am., ___ Hawaiʻi ___, ___, 575 P.3d 536, 542-43 (2025) (citations omitted).

McCullough is dispositive. Here, as in McCullough, Lujan's quiet title and ejectment claims against Titleholders were made to remedy her mortgagee's allegedly wrongful foreclosure. The HRS § 657-1(4) six-year statute of limitations applies to such claims. Id. at ___, 575 P.3d at 544-45.

The McCullough opinion did not specify when a cause of action for wrongful nonjudicial foreclosure accrues.[3] Here, the Affidavit of Foreclosure was recorded on August 27, 2010; the Quitclaim Deed was recorded on October 8, 2010; and Titleholders' Limited Warranty Deed was recorded on July 22, 2011. The amended complaint naming Lujan as a plaintiff was filed on December 11, 2020, over six years after the latest of these events. Lujan's claims against Titleholders are time-barred.

Even if Lujan's claims weren't time-barred, Titleholders are bona fide purchasers. Here, as in McCullough, the Affidavit of Foreclosure was signed by the mortgagee's counsel, recorded in the Bureau of Conveyances, and attested that the foreclosure took place "in compliance with and pursuant to" HRS §§ 667-5 through 667-10, notices of the sale were published in the Honolulu Advertiser, and the sale was postponed by public announcement. See McCullough, ___ Hawaiʻi at ___, 575 P.3d at 546. Because Titleholders are bona fide purchasers, Lujan's remedy (if the nonjudicial foreclosure is invalid) is an action

---

[3] A claim for wrongful judicial foreclosure is a compulsory counterclaim that as of 2024 must be pleaded in a judicial foreclosure action. Wilmington Sav. Fund Soc'y, FSB v. Domingo, 155 Hawaiʻi 1, 14-16, 556 P.3d 347, 360-62 (2024).

at law for damages against her mortgagee.  <u>Id.</u>, ___ Hawaiʻi at
___, 575 P.3d at 545-46.

The Circuit Court's July 17, 2023 Final Judgment is
affirmed.

DATED: Honolulu, Hawaiʻi, October 20, 2025.

On the briefs:

James J. Bickerton,
Bridget G. Morgan-
Bickerton,
Van-Alan H. Shima,
for Plaintiff-Appellant
Lisa Lujan nka Lisa Lujan Shaw.

Sunny S. Lee,
Skylar G. Lucas,
for Defendants-Appellees
Christopher James Meyers
and Wendelin Jayne Meyers.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge